UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA    )
           Plaintiff        )
                            )   Cr. No. 05-10023-RGS
      v.                    )
                            )
CRISTINO COTTO COLON        )
           Defendant        )
_____)
```

**SENTENCING MEMORANDUM OF DEFENDANT PURSUANT
TO F.R.Cr.P. RULE 32(a)(C) and 18 U.S.C. § 3553(a)**

*It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as **a unique study in the human failings that sometimes mitigate**, sometimes magnify, the crime and the punishment to ensue.*

United States v. Koon, 518 U.S. 81, 113 (1996), *emphasis added.*

This memorandum is being submitted to assist this Honorable Court in its determination of the most appropriate sentence for Mr. Cristino Cotto Colon under all of the provisions of 18 U.S.C. § 3553(a). As delineated by the Supreme Court in *Koon*, each case is unique. Mr. Cotto Colon respectfully submits that the sentencing decision to be made in this case, a one-time mistake in judgement, cries out for a mitigating sentence.

1

## FACTS

(THAT WHICH BROUGHT MR. COTTO COLON BEFORE THIS HONORABLE COURT)

On or about February 2, 2005, the United States filed an indictment against Mr. Cotto Colon alleging on count one that Mr. Cotto Colon knowingly altered, removed, destroyed and otherwise tampered unlawfully with a marking and label on a package used to transport hazardous material, to wit, calcium hypochlorite, to an air carrier in interstate commerce in violation of Title 49 United States Code §5104(b)(1) and §5124 and 49 C.F.R. §172.400 and §172.426. In essence, Mr. Cotto Colon placed packing tape around a 25 lb. tub of granular swimming pool chlorine, covering up the warning label. Mr. Cotto Colon admitted to said charge on 9/28/05.

## SENTENCING REQUEST

In the post United States v. Booker 543 U.S. __, 125 S. Ct. 738 (2005) and Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004) world this Honorable Court is free to look at **all** the factors of 18 U.S.C. § 3553(a) in imposing a "reasonable sentence" that is "sufficient, but not necessary to comply with the purposes set forth [ in this provision greater than ]." While § 3553(a)(4) requires the Court to consider the Guideline ranges, "it permits the court to tailor the sentence in light of other statutory concerns as well, see § 3553(a)." *Booker,* Breyer, J., 125 S. Ct. at 757.

This sentencing approach is consistent with the view that was expressed by Justice Kennedy in his 2003 speech to the American Bar Association when he openly commented on the unfair severity of federal sentences: "Our resources are misspent, our punishments too severe, our sentences too long....In the federal system the sentencing guidelines are responsible in part for the increase in prison terms....The Federal Sentencing Guidelines should be revised downward..."

Consistent with the sentiment expressed above and the reasons stated herein, Mr. Cotto Colon requests that this Honorable Court consider a **one year probation** sentence (without any requirement of formal reporting) for the crime as authorized under 18 U.S.C. §3561(c).

### MR. COTTO COLON'S BACKGROUND

Mr. Cotto Colon is a **sixty** year old resident of Arroyo, Puerto Rico. He is a gainfully employed individual, working for General Electric at Caribe G.E. Maufacturing since 1991 and he has **no prior criminal convictions**. He also is an honorably discharged veteran of the United States Army in 1964. Mr. Cotto Colon is married to Iris Millan and together they raised two daughters, who have given Mr. Colon four grandchildren. Mr. Cotto Colon obtained his GED in 1995 and has worked as a productive member of society to support his family all of his life. See PSR ¶s 34- 51.

Mr. Cotto Colon came to the Northeast the summer of 2004, by way of Massachusetts, to visit his daughter who resided in New Hampshire. While he was in New Hampshire he legally purchased a 25 pound bucket of chlorinating granules to be used at his small, above ground pool in Puerto Rico. The fact that Mr. Cotto Colon covered the identifying labels of the chlorine granules is what brings him before this Honorable Court for sentencing.

**THE SENTENCING FACTORS**

1. *The nature and circumstances of the offense*, 18 U.S.C. § 3553(a)(1).

Mr. Cotto Colon candidly admitted his involvement in the purchase, the covering of the label and the attempted transport of the granules to Puerto Rico prior to any action being filed against him. He was interviewed in October 2004 by telephone wherein he admitted that he had purchased the chlorine in New Hampshire because it was cheaper than in Puerto Rico and that he had wrapped the bucket before attempting to bring it in has bag on the plane back to Puerto Rico. PSR ¶s 11-12. Mr. Cotto Colon faces a maximum penalty of five years of imprisonment and a maximum $250,000.00 fine for tampering with a hazardous material. This is not a crime of violence, nor one which is related to a drug offense.

At the time of the offense, Mr. Cotto Colon was unaware of the Code of Federal Regulations regulating the transport of hazardous materials. A fact, which as described below, may be

4

considered as mitigating the penalties of the offense.  It is also a fact which allows this Honorable Court to consider this offense as a low level offense. It is a class D felony. PSR ¶ 59.

2.  *The history and characteristics of the defendant* .

   Mr. Cotto Colon has worked hard all his life and raised a family on a factory employees salary.  He obtained his GED as an adult and he owns his own modest home.  As set forth above, prior to this aberrant incident he has led a crime free productive life.  Although he generally is in adequate health for someone his age, Mr. Cotto Colon does suffer from health conditions such as high blood pressure and arthritis. PSR ¶ 43.  Mr. Cotto Colon is extraordinarily regretful for his stupid conduct on that one day of his life, July 6, 2004, when he committed the within act and is dismayed by the consequences that are and will be caused as a result of this felony conviction.


3.   The need for the sentence "to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense," adequate deterrence, and to protect the public.

   Mr. Cotto Colon resides in Puerto Rico.  When he learned of the instant charges against him he reported to Massachusetts, at his expense, as requested of him.  He has acted in a responsible manner, answered all questions posed by agents while the matter was under investigation and prior to any charges being filed

against him. He is not a likely candidate for recidivism and does not pose a threat to public safety. Mr. Cotto Colon understands the seriousness of his actions and the potential consequences of the same.

4. <u>The need "to provide the defendant with needed educational or vocational training."</u>  In this particular case, Mr. Cotto Colon is in no further need of additional education or training.

5. <u>The applicable category of offense under the Advisory Guidelines</u>.

Since the United States Sentencing Guidelines are now advisory, and just one factor under § 3553(a), for purposes of completeness only the following guideline calculation could be taken into consideration based upon the evidence:

<u>Base Offense Level</u>

USSG §2Q1.2                                                                                         <u>8</u>

<u>Specific Offense Characteristics</u>

USSG §2Q1.2(b)(7)            <u>+2</u>

<u>Adjusted Offense Level</u>                                                                   10

<u>Adjustment for Acceptance of Responsibility</u>                         -2

<u>Criminal History Category</u>            I

<u>Total Offense Level</u>                                                                            <u>8</u>

<u>Guideline Sentencing Range</u>                                            <u>0-6 months</u>

6

## **Departures or Factors in Mitigation, aka Reasons for Variance from the Guidelines**

Now that the Court can consider any "reasonable" sentence under the guidance of § 3553(a) it can also consider factors in mitigation and "departures" from the Guidelines that were previously prohibited:

1. <u>Aberrant Behavior</u> under U.S.S.G. § 5K2.20. It is abundantly evident that this offense, and Mr. Cotto Colon's background, fit squarely within this mitigating framework. The offense was a singular criminal transaction; it was committed without significant planning, was of limited duration, and represents a marked deviation from an otherwise law abiding life. Mr. Cotto Colon, but for this conduct, has led an extraordinary crime free and productive life. To this day, Mr. Cotto Colon maintains employment and supports his family despite health issues. As such he remains a productive member of society and is not likely to pose a risk of recidivism.

2. <u>Lack of Knowledge of Federal Regulations</u>. Mr. Cotto Colon's criminal conduct arises out of his purchase and conduct involving the attempted transport on an airline of lawfully obtained pool chlorine, a substance which is federally regulated. Mr. Cotto Colon is a private

citizen, not a person engaged in the business of transporting and distributing such substances. His lack of knowledge as to the federal requirements may be taken into consideration as a factor in mitigation for sentencing purposes under 49 U.S.C. § 46312(b).

3. <u>Extraordinary Acceptance of Responsibility</u>. Three months prior to any charges being filed against Mr. Cotto Colon, he was interviewed as to the contents of his luggage. During that interview he candidly admitted that he had bought the material, where he had bought it, why he had bought it and that he had packaged the same for transport to Puerto Rico. Mr. Cotto Colon's early and candid admission as well as his subsequent plea, saved the government significant resources beyond that typically associated with "acceptance of responsibility."

4. Lastly, *the totality of circumstances* <u>herein</u>, even if any one of the above reasons alone would not provide sufficient grounds, would be a valid basis for departure, <u>United States v. Iaconetti</u>, 59 F. Supp. 2d 139 (D.C. Mass 1999); <u>United States v.Parham</u>, 16 F.3d 844 (8th Cir.1994). <u>United States v. Fairless</u>, 975 F.2d 664, 667-68 (9th Cir.1992) and mitigating sentence within all the factors of § 3553(a).

**CONCLUSION**

Taking each of the above reasons into consideration, defendant, Cristino Cotto Colon, respectfully requests this Honorable Court to sentence him to a term of **one year probation** without any formal reporting requirements or other restrictive conditions.  Mr. Cotto Colon would also respectfully ask the Court to find that based on his limited income and family responsibilities that he has **no ability to pay** fines or other costs.

Date: January 24, 2006        Respectfully submitted,

                              Cristino Cotto Colon,
                              By his attorney,

                              *s/Victoria M. Bonilla*

                              Victoria M. Bonilla (BBO #558750)
                              Bourbeau and Bonilla
                              77 Central St, 2nd Floor
                              Boston, MA 02109
                              (617) 350-6868

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants as well as USPO Pamela Lombardini on January 24, 2006.
*S/ Victoria M. Bonilla*